IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHRISTOPHER S. CHILDERS | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv550 |
| SHERIFF MICHAEL HOPKINS | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Christopher Childers, a pre-trial detainee at the Rains County Jail proceeding *pro se* and *in forma pauperis*, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241. The cause of action was referred for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

**I. Childers's Petition**

Childers states that he is being held on a possession charge "based on an illegal search and seizure," (Dkt. #6, pg. 2). He maintains that the police "kidnapped" him and fabricated the warrants after his arrest; he also argues that he is falsely imprisoned for nine warrants that "they didn't actually have." *Id*. at pg. 6. Childers insists that the arresting officers lied, and that his warrants violate the rule against double jeopardy. He seeks dismissal of his charge and the licenses revoked of arresting officers. Childers subsequently filed a motion for summary judgment, (Dkt. #11), wherein he maintains that his arrest was not justified.

**II. Legal Standards**

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional,

1

statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Furthermore, federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under the AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

**III. Discussion and Analysis**

Childers's federal habeas petition should be dismissed, without prejudice, for his failure to exhaust required state remedies before filing this petition in federal court. Section 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the [pending case,]'" is the proper vehicle for seeking habeas relief from pretrial detention. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). "[T]o be eligible for habeas relief [under 28 U.S.C. § 2241, however], a petitioner must be 'in custody' and must have exhausted his available state remedies." *Dickerson*, 816 F.2d at 224. The exhaustion requirement for § 2241 was

"judicially created on federalism grounds to protect the state courts' opportunity to resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Curtis v. Garza Cnty. Jail*, No. 5:18-CV-205-M-BQ, 2019 WL 5698802, at *1 (N.D. Tex. Oct. 8, 2019) (citing *Clark v. Anderson*, No. 4:01-CV-723-Y, 2001 WL 1631538, at *3 (N.D. Tex. Dec. 14, 2001) and *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490–91 (1973)), *rec. adopted by* 2019 WL 5697895 (N.D. Tex. Nov. 4, 2019).

Exhaustion may be excused "only in those 'rare cases' where [the petitioner] can show 'exceptional circumstances of peculiar urgency' so impinge upon his due process rights that immediate federal court interference is mandated." *Hughes v. Ryan*, No. 2:18-CV-177-D, 2018 WL 6729654, at *1 (N.D. Tex. Nov. 16, 2018) (citing *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993)), *rec. adopted by* 2018 WL 6726550 (N.D. Tex. Dec. 21, 2018).

Exhaustion requires that a petitioner present his "claims in a procedurally correct manner" to "the highest court of his state." *Deters*, 985 F.2d at 795. In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). To challenge his pretrial detention, a detainee must "first file a pre-adjudication application for writ of habeas in the trial court under article 11.08 of the Texas Code of Criminal Procedure." *Curtis,* 2019 WL 5698802, at *2 (citing TEX. CODE CRIM. P. art. 11.08 (West 2008) and *Cotton v. Jefferson Cnty.*, No. 1:13CV267, 2013 WL 3367299, at *2 (E.D. Tex. July 3, 2013)). He may then seek review by "'direct appeal to an intermediate court of appeals (which is, in turn, subject to discretionary review by the Texas Court of Criminal Appeals).'" *Id.* (quoting *Ex parte Simpson*, 260 S.W.3d 172, 174 (Tex. App.—Texarkana 2008, no writ)).

A federal district court may raise the lack of exhaustion *sua sponte. Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a

3

federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). In Texas, all claims must be presented to and ruled on by the Texas Court of Criminal Appeals. *Richardson*, 762 F.2d at 431-32; *Tipton v. Thaler*, 354 F. App'x 138, 140 n.1 (5th Cir. 2009).

Here, Petitioner Childers has not pursued relief in state court for his habeas claims. Childers does not allege that he has presented his claims to the highest court for the State of Texas; in fact, he notes that he only filed grievances and pleadings to the state district court—not the Texas Court of Criminal Appeals. A review of the online records of the Texas Court of Criminal Appeals does not show that Childers filed anything related to his present prosecution in state court. *See, e.g.*, *Wenceslao v. Quarterman*, 326 F. App'x 789, 790 (5th Cir. 2009) ("The petitioner must provide the state court a 'fair opportunity to pass upon the claim.'") (citing and quoting *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004)).

Moreover, Childers failed to show an absence of available State corrective processes or circumstances rendering such processes ineffective to protect his rights. *See Graham v. Johnson*, 94 F.3d 958, 969 (5th Cir. 1996) (citing *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)). As explained, Childers must present these claims to the state courts before moving in federal court—which is designed to protect the relationship "between state and federal courts, respect for the integrity of state court procedures, and a desire to protect the state courts' role in the enforcement of federal law." *See Nickelson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) (internal citations and quotations omitted). Accordingly, because he has not done so, Childers's federal habeas petition should be dismissed, without prejudice, for the failure to exhaust state remedies.

Because the Court recommends that this lawsuit be dismissed for the failure to exhaust state court remedies, the Court further recommends that Childers's motion for summary judgment be denied. Childers has not shown that he is entitled to a judgment as a matter of law. *See* Rule 56(c), Fed. R. Civ. P.; *see also Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

**IV. Certificate of Appealability**

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the

district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, Childers failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. Reasonable jurists could not debate that Childers's pre-trial detainee habeas demonstrates that he failed to exhaust prior to filing his habeas with this Court. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the above-styled application for the writ of habeas corpus be dismissed, without prejudice, for Petitioner's failure to exhaust state remedies. It is further recommended that Petitioner Childers be denied a certificate of appealability *sua sponte*. Finally, the Court recommends that Childers's motion for summary judgment, (Dkt. #11), be denied.

Within fourteen (14) days after the receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations, and, except on the grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 5th day of January, 2024.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE